UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH C. NIXON

VERSUS                                              CIVIL ACTION

SID GAUTREAUX, ET AL                                NUMBER 10-665-RET-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, October 6, 2010.

                                           */s/ Stephen C. Riedlinger*
                                           STEPHEN C. RIEDLINGER
                                           UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JOSEPH C. NIXON

VERSUS                                              CIVIL ACTION

SID GAUTREAUX, ET AL                                NUMBER 10-665-RET-SCR


MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, presumably a pretrial detainee confined in the East Baton Rouge Parish Prison, Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against East Baton Rouge Parish Sheriff Sid Gautreaux, Warden Dennis Grimes and the Parish of East Baton Rouge.  Plaintiff alleged that an administrative grievance was rejected in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989);

*Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes.  *Id.; Ancar v. SARA Plasma, Inc.*, 964  F.2d 465, 468 (5th Cir. 1992).  Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that he was arrested on June 14, 2009, by the Baton Rouge City Police.  Plaintiff alleged that after he did not receive a "72 hour hearing"[1] he filed an administrative grievance.  Plaintiff alleged that Sheriff Gautreaux rejected his administrative grievance on the grounds that the administrative grievance involved a criminal matter and could not be addressed through the administrative grievance procedure.

The Administrative Remedy Procedure does not itself establish any federal right.  It is a mechanism for resolving disputes at the institutional level.

---

[1] A "72 hour hearing" is a preliminary hearing, required under state law, in which the defendant is brought before a judge within 72 hours of his arrest for the purpose of appointment of counsel. La. C.Cr.P. art. 230.1(A).  The court may also determine the amount of bail or review a prior determination of the bail amount at that time.  *State v. Montejo*, 40 So.3d 952 (La. 2010).

Plaintiff failed to allege any other facts against the named defendants which rise to the level of a constitutional violation.

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and without prejudice to any state law claim.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and without prejudice to any state law claim.

Baton Rouge, Louisiana, October 6, 2010.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

3